# NO. 12-09-00391-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROGELIO NIETO ZAMORA, JR.,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Rogelio Nieto Zamora, Jr. appeals his conviction for delivery of a simulated controlled substance. In his sole issue on appeal, Appellant challenges the trial court's failure to inquire whether he freely and voluntarily waived his right to testify during the punishment phase at trial. We affirm.

## BACKGROUND

Appellant was indicted on March 5, 2008, for the offense of delivery of a simulated controlled substance, a state jail felony. He waived his right to a jury and entered an open plea of guilty on October 6, 2008. The sentencing hearing was postponed until November 16, 2009, when the trial court sentenced Appellant to two years of imprisonment. Appellant timely appealed.

## RIGHT TO TESTIFY

In his sole issue, Appellant argues that the trial court erred "when it did not inquire as to whether [he] knew he had a right to testify."

### Standard of Review and Applicable Law

A defendant has a right to testify at his own trial, and such a right is fundamental and personal to the defendant. *Johnson v. State,* 169 S.W.3d 223, 235 (Tex. Crim. App. 2005). In *Johnson,* the Texas Court of Criminal Appeals held, in agreement with the majority of jurisdictions, that a trial court has no duty to inform a defendant represented by counsel of his right to testify. *Johnson,* 169 S.W.3d at 235. Rather, it is the

responsibility of defense counsel to inform a defendant of his right to testify, including the fact that the ultimate decision of whether to testify belongs to him. *Id.*

**Discussion**

In addition to the delivery of a simulated controlled substance charge in this cause, Appellant had been indicted for other offenses in separate proceedings with different counsel. According to trial counsel in this cause, Appellant's counsel in those other proceedings advised Appellant not to testify because of the other pending charges. Specifically, after the State rested during punishment in this cause, Appellant's counsel stated as follows:

> Your Honor, I can't present testimony at this time, because the only person I would be able to call is my client. And since there [are other] pending charges and his attorney is not present, he has been advised not to testify.

Appellant was present when counsel made that statement to the trial court.

As noted above, the trial court had no duty to inform Appellant of his right to testify. *See Johnson,* 169 S.W.3d at 235. Without the duty to inform Appellant of the right to testify, it follows that the trial court had no duty to determine whether Appellant freely and voluntarily waived his right to testify. *See Bean v. State,* No. 04-03-00114-CR, 2003 WL 23095725, at *3 (Tex. App.–San Antonio Dec. 31, 2003, pet. ref'd) (mem. op., not designated for publication).

Appellant's sole issue is overruled.

**DISPOSITION**

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 27, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
